IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOUSE OF DAVID PRESERVATION, INC. | : | CIVIL ACTION |
| | : | |
| | : | No. 15-4145 |
| v. | : | |
| | : | |
| GUILD HOUSE WEST, INC. | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                                      **October 29, 2015**

Plaintiff House of David Preservation, Inc. (HDP) brings this action against Defendant Guild House West, Inc. (Guild) seeking specific performance, declaratory relief, or, in the alternative, damages stemming from an alleged breach of an agreement between the parties for the purchase and sale of property. Guild filed a motion to dismiss, asserting HDP's claims are moot and HDP is barred from seeking relief because it has failed to satisfy conditions precedent to the agreement. Guild's motion to dismiss will be denied in its entirety for the reasons set forth below.

**BACKGROUND**[1]

---

[1] The facts are drawn from HDP's Complaint, the Property Purchase and Sale Agreement, and HDP's default notice to Guild, which this Court may properly consider in evaluating the instant motion without converting the motion into one for summary judgment. *See Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (holding materials a court may consider in deciding a Rule 12(b)(6) motion include the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents on which the plaintiff's claims are based); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("A document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." (alteration in original) (citation and internal quotation marks omitted)); *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("A court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.").

Guild is a non-profit corporation and owns a multifamily apartment complex in Philadelphia, Pennsylvania located on and around Fairmount Avenue. On October 21, 2014, HDP and Guild entered into a Property Purchase and Sale Agreement (Agreement) for the sale and purchase of the apartment complex.

Under the Agreement,

> [t]he total purchase price to be paid to Seller by Purchaser in consideration of Purchaser's acquisition of the Project . . . shall be Six Million and no/1000 Dollars . . . . Provided that all conditions precedent to Purchaser's obligations to close as set forth in the this Agreement have been satisfied and fulfilled, or waived in writing by Purchaser, the Purchase Price shall be paid to Seller at Closing . . . in the form of cash and assumption of the Mortgage Debt other than the 202 Loan, which Seller shall pay at Closing . . . .

Agreement ¶ 2. HDP and Guild now dispute the purchase price under the Agreement and have refused to proceed to closing. The parties specifically dispute the meaning of "assumption of the Mortgage Debt" and whether HDP is entitled to credit the amount of Capital Advance Loan—$4,259,000—to the purchase price.[2] Guild contends HDP is not entitled to credit the Capital Advance Loan to the purchase price. On May 7, 2015, HDP sent Guild notice of default, which under the Agreement Guild had thirty days to cure, but did not do so. *See* Agreement ¶ 14(b)(i). HDP now seeks specific performance of the Agreement, a declaratory judgment, and, in the alternative, damages resulting from Guild's alleged anticipatory breach.

**DISCUSSION**

    **A. Mootness**

In its motion to dismiss, Guild initially asserts HDP's claims for specific performance and declaratory judgment are moot because HDP did not file its Complaint until nine weeks after

---

[2] Under the Agreement, "Mortgage Debt" refers to "the 202 Loan, the Capital Advance, the FHLB Loan and the PHFA Loan." Agreement.

2

the May 20, 2015, closing deadline.[3] A party who has "slept too long on its rights" cannot seek specific performance. *In re Kutz's Estate*, 103 A. 293, 295 n.2 (Pa. 1918). "If either party wishes to enforce the contract, [it] must do so without unreasonable delay after the time for completed performance of the contract has passed; if [the party] is guilty of lack of due diligence in failing to institute or prosecute [its] proceeding, the equitable doctrine of laches will apply." *Heights Land Co. v. Swengel's Estate*, 179 A. 431, 432 (Pa. 1935) (denying specific performance where claim was brought after "extreme delay" of "six years after performance of the contract was to be completed"); *see also Policastro v. Kontogiannis*, 262 F. App'x. 429, 433-34 (3d Cir. 2008) (finding when claims are moot, "declaratory relief would amount to no more than an advisory opinion regarding the 'wrongfulness' of past conduct"). There is no rigid cutoff time for what constitutes an "unreasonable delay," as courts have found claims moot as early as the day a contract ceases to be executory, *see Canister Co. v. Nat'l Can Co.*, 101 F. Supp. 785, 790 (D. Del. 1951), to six years after performance of the contract was to be completed, *see Heights Land Co.*, 179 A. at 432. *But see McLaughlin v. Shields*, 12 Pa. 283, 291 (1849) (granting specific performance 18 years following the date of performance where the lapse of time was not "owing to any unreasonable delay on the part of the plaintiff," and plaintiff had "been continually

---

[3] The parties dispute the closing deadline. In its motion to dismiss, Guild asserts the closing deadline is May 20, 2015. HDP argues the deadline has not yet passed, contending it is entitled to extend the closing date under the Agreement. While the Agreement does provide that in the event Guild defaults and does not cure its default within thirty days of being notified, HDP "shall have the option to . . . extend the Closing Date," HDP does not offer any evidence or argument it exercised this option.

     Under the Agreement, the closing date shall take place "on the earlier of (i) six (6) months following the last day of the Inspection Period and (ii) thirty (30) days following HUD Preliminary TPA Approval." Agreement ¶ 7. Because neither party alleges HUD Preliminary TPA Approval has been secured—indeed, Guild asserts HDP has failed to obtain such approval—this Court will measure the closing date at six months following the last day of the Inspection Period. The Agreement provides for a thirty-day inspection period beginning the date of the Agreement, October 24, 2014. Agreement ¶ 4(a)(ii). Thus, the Court finds the inspection period continued until November 20, 2014, establishing a closing date of May 20, 2015.

pressing his claim"). Initiating this suit nine weeks after the closing deadline, HDP did not unreasonably delay. Indeed, prior to the closing deadline, on May 7, 2015, HDP sent Guild a notice of default, asserting Guild had refused to perform its obligations under the Agreement in anticipation of the closing deadline and demanding the default be cured within thirty days. *See* Default Notice. HDP has not slept on its rights, and its claims are not moot. Guild's request for dismissal on this ground will be denied.

### B.  Failure to State a Claim for Relief

Guild also asserts HDP's claims based on Guild's alleged anticipatory breach should be dismissed for failure to state a claim upon which relief may be granted because HDP has not satisfied conditions precedent to the Agreement. To survive a motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a Rule 12(b)(6) motion, a court first must separate the legal and factual elements of the plaintiff's claims. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210-11. The court must then "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

A condition precedent is "an event, not certain to occur, which must occur, unless its nonoccurrence is excused, before performance under a contract becomes due." *Pac. Emp'r Ins. Co. v. Global Rein. Corp. of Am.*, 693 F.3d 417, 430 n.6 (3d Cir. 2012) (quoting Restatement

(Second) of Contracts § 224). If a condition precedent remains unfulfilled, "the contract lays dormant and no damages are due for non-performance." *Shovel Transfer & Storage, Inc. v. Pa. Liquor Control Bd.*, 739 A.2d 133, 139 (Pa. 1999); *see Keystone Tech. Grp., Inc. v. Kerr Grp., Inc.*, 824 A.2d 1223, 1227-28 (Pa. Super. Ct. 2003) ("[I]t is well settled that if a contract contains a condition precedent, the condition precedent must occur before a duty to perform under the contract arises.").

Yet, the non-occurrence of conditions precedent by a promisee may be excused where the promisor repudiates the contract. *See Jonnet Dev. Corp. v. Dietrich Indus., Inc.*, 463 A.2d 1026, 1033 n.7 (Pa. Super. Ct. 1983) ("[W]here a party's repudiation contributes materially to the non-occurrence of a condition of one of his duties, the non-occurrence is excused." (quoting Restatement (Second) of Contracts) (alteration in original)). Under Pennsylvania law, to constitute repudiation, or anticipatory breach, "there must be an *absolute* and *unequivocal* refusal to perform or a distinct and positive statement of an inability to do so." *Edwards v. Wyatt*, 335 F.3d 261, 272 (3d Cir. 2003) (quoting *2401 Pa. Ave. Corp. v. Fed. of Jewish Agencies of Greater Phila.*, 489 A.2d 733, 737 (Pa. 1985)). This standard is strict, and Pennsylvania courts have "reject[ed] any argument suggesting a dilution of [the] long recognized standard." *2401 Pa. Ave*, 489 A.2d at 737.

In its motion to dismiss, Guild asserts HDP is not entitled to any relief because it has not fulfilled several conditions precedent to closing; notably, the Agreement requires HDP to (1) submit an application for loan assumption within sixty days of the Agreement[4] and (2) obtain

---

[4] Paragraph 5A(d) of the Agreement states:

> Purchaser, at its sole cost and expense and within 60 days following the Effective Date . . . , shall submit those applications, certificates, agreements, information and fees . . . required by HUD, PHFA or FHLB to allow for the Assumption of All Loan

5

required approvals from HUD thirty days before the closing deadline[5]—neither of which HDP alleges it has done. It is immaterial, however, at this point whether HDP's claims can succeed on the merits for failure to fulfill conditions precedent. HDP has pled sufficient facts to state a plausible claim Guild repudiated the Agreement. On May 7, 2015, HDP sent Guild notice of its default. Although under the Agreement Guild had thirty days to cure the default, it did not and still has not cured. Guild likewise has refused to proceed to closing. Because HDP's Complaint states a claim for anticipatory breach, Guild's request for dismissal on this ground will be denied.

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

Documents, or assumption and subordination of the Capital Advance, FHLB Loan and/or PHFA Loan pursuant to a First Loan Payoff or an Assumption of All Loan Documents . . . and the transaction(s) contemplated by this Agreement.

Agreement ¶ 5A(d).

[5] Paragraph 6(a) of the Agreement states, "No fewer than thirty (30) days prior to Closing, Purchaser shall have received HUD Preliminary TPA Approval, and evidence of HUD's approval of repayment of the 202 Loan and HAP Assignment." Agreement ¶ 6(a).